UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAPHNE ROBY,

        Plaintiff,

v.                                           CIVIL NO. 05-70963
                                           HON. LAWRENCE P. ZATKOFF

BANK ONE NATIONAL ASSOCIATION,
a Michigan corporation and METROPOLITAN
LIFE INSURANCE COMPANY, a New York
corporation, d/b/a METLIFE,

        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 9, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

      This matter is before the Court on Defendant's motion for summary judgment, filed on June 23, 2006. Plaintiff has filed a response, and Defendant has replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion for summary judgment is GRANTED.

## II.  BACKGROUND

Plaintiff began working for National Bank of Detroit in 1981.  National Bank of Detroit later merged with Defendant, and in 2001 Plaintiff was working as a Banking Center Manager for Defendant.  In October 2001, Plaintiff suffered a serious slip and fall accident.  Plaintiff was treated for head injuries, and referred to an orthopedic surgeon for surgery on her torn right rotator cuff.  Plaintiff was also admitted to a psychiatric hospital for treatment of psychiatric problems related to her head injury.

On October 11, 2001, Plaintiff filed a short term disability claim with Defendant.  Plaintiff was approved to receive short term disability benefits from October 11, 2001 through January 27, 2002.  On January 17, 2002, Plaintiff received a notice that her benefits would not be extended past January 27, and that she was expected to return to work on January 28.

In November 2001, Defendant's security division began investigating allegations that Plaintiff had engaged in workplace misconduct.  An investigator interviewed an employee that worked at Plaintiff's branch.  The employee stated that Plaintiff had asked her to wait several weeks before submitting paperwork for a home equity loan Plaintiff took out with Defendant, so Plaintiff could apply for another loan at a different bank.  Plaintiff began drawing on the loan from Defendant before the paperwork was submitted.  The employee also stated that Plaintiff had asked her to change the status of Plaintiff's checking account with Defendant, so Plaintiff's friend could cash a check drawn on Plaintiff's account.

On January 18, 2002, Plaintiff was interviewed by telephone with her attorney present.  The interview was cleared in advance with Plaintiff's physician.  Plaintiff denied asking her subordinate to hold up the paperwork on her loan.  Plaintiff stated she did not remember if she asked the

subordinate to change the status of her checking account. Plaintiff stated that her memory was impaired because of the medication she was taking.

On January 24, 2002, Plaintiff's employment was terminated for violation of a major bank policy. On March 11, 2002, Plaintiff appealed the denial of her short term disability benefits. Plaintiff submitted medical documentation with the appeal, but did not mention her termination. The appeals committee initially approved the reinstatement of Plaintiff's short term disability benefits. However, the appeals committee then learned that Plaintiff's employment had been terminated. On May 22, 2002, the appeals committee denied Plaintiff's appeal, stating that terminated employees were not eligible for benefits.

### III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of

material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial.  *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324.  The non-moving party must do more than show that there is some metaphysical doubt as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment.  *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## IV.  ANALYSIS

Plaintiff brings three claims against Defendant: wrongful denial of short term disability benefits, wrongful denial of long term disability benefits, and breach of fiduciary duty.

**A.     Denial of Short Term Disability Benefits**

Defendant notes that its disability plan gives the plan administrator full discretionary authority to construe the terms of the plan and determine eligibility for benefits.  Thus, the plan administrator's decision should be reviewed under the arbitrary and capricious standard.  *Borda v. Hardy, Lewis, Pollard & Page, P.C.*, 138 F.3d 1062, 1066 (6th Cir. 1998).

Plaintiff argues that the plan administrator's decision to deny benefits should be reviewed with a de novo standard because Defendant is both the employer and the claims administrator, and thus there is a conflict of interest.  Plaintiff is incorrect: the Court must take a conflict of interest into account when reviewing the administrator's decisions, but the decision is still reviewed under the arbitrary and capricious standard.  *Borda*, 138 F.2d at 1069.  This standard is highly deferential, and the administrator's decision must be upheld if it is "rational in light of the plan's provisions."  *Id*. at 1066.

4

Plaintiff first argues that she was medically eligible for short term disability benefits. Plaintiff points to the medical documents she gave to Defendants, including a certification from her treating physician, Dr. Parker, stating that she was subject to full job restrictions. However, Defendant does not contest that Plaintiff was medically eligible for short term disability benefits. Defendant acknowledges that Plaintiff would have been entitled to the benefits had she not been terminated. Defendant's case rests on the fact that she was terminated, and thus no longer eligible for benefits. The plan description provides that: "Your [short term disability] benefits will end when . . . You violate any of Bank One's employment policies regarding your conduct, either before or while receiving STD benefits, and this violation would have resulted in your immediate termination if you were actively-at-work at Bank One." Defendant's Exh. 3.

Defendant's code of conduct states that employees must:

- Avoid favoring the interests of certain customers, supplier or other employees over what would be considered standard practice or accepted policy for the general public.

- Avoid giving preferential treatment to a director, employee, customer, supplier or others because of your personal relationship with that individual.

- Avoid preferential treatment for yourself, your family members, or close friends. In order to avoid any conflict or appearance thereof, you must not handle your own or your family's business or personal matters as a Bank One representative. In addition, you must not act on behalf of Bank One in connection with an organization in which you or a member of your immediate family (as defined in Section 1.3) has a significant personal or financial interest. In these cases, an unrelated employee (but not a subordinate) must handle the business or personal matters.

Defendant's Exh. 7.

Defendant determined that Plaintiff violated company policy by instructing a subordinate to hold up the submission of paperwork for a loan, and instructing a subordinate to change the status

of her checking account. Defendant argues that because Plaintiff was terminated for violating company policy, the decision of the appeals committee to deny benefits cannot be considered arbitrary or capricious.

Plaintiff argues that her alleged violation of company policy was a pretext, and Defendant's real motivation for terminating her was to deny her benefits. Plaintiff argues the provision in the plan that allows Defendant to stop short term disability payments if an employee violates company policy undermines ERISA, and renders the employee's entitlement to disability benefits illusory. Plaintiff also argues that the appeals committee should have investigated to determine whether Plaintiff's termination was a pretext to deny her benefits. Plaintiff also argues that she did not have an opportunity to present her side of the story to the appeals committee.

The Court does not find Plaintiff's arguments persuasive. That fact that an employer may stop benefits when an employee is terminated for violating company policy does not render the employee's right to benefits illusory. As Defendant points out, Section 510 of ERISA provides a remedy when an employee is terminated for the purpose of denying benefits. However, Plaintiff did not bring a claim under Section 510. Nowhere in Plaintiff's complaint does she assert that she was wrongfully terminated for the purpose of denying benefits; in fact, Plaintiff's complaint does not mention her termination at all.

Plaintiff has provided no legal support for her argument that the appeals committee had an obligation to investigate whether her termination was pretextual. In addition, Plaintiff had an opportunity to present that claim to the appeals committee. Defendant states that Plaintiff was terminated on January 24, 2002. Defendant does not specify when Plaintiff was notified of her termination. However, Plaintiff submitted Defendant's log of the disability claim. The entry for

February 28, 2002 reads as follows: "[Received] notice from [Plaintiff], she mailed letter from [doctor] dated 1/24, [doctor] stating that [Plaintiff] is still totally disabled. Called [Plaintiff], asked if she had sent in appeal for STD, *she states that she had not sent in the appeal, and now she has been terminated from bank*." Plaintiff's Exh. J (emphasis added).

Plaintiff submitted her appeal on March 11, 2002. At the latest, Plaintiff had notice on February 28 that she had been terminated. Thus, Plaintiff could have included in her appeal her claim that her termination was a pretext to deny her benefits. However, Plaintiff's appeal makes no mention of her termination; it only argues that she is medically eligible for short term disability benefits. The appeals committee agreed that Plaintiff was medically eligible for short term disability benefits; it only denied the appeal when it learned Plaintiff had been terminated.

Plaintiff argues that the interview notes that Defendant has submitted in support of the instant motion are inadmissible hearsay. (The interview notes relate to Defendant's investigation of Plaintiff's alleged violation of company policy.) However, Plaintiff misconstrues the issue in the instant case. Because Plaintiff has not brought a claim for wrongful termination pursuant to Section 510 of ERISA, the Court's task is not to conduct a de novo investigation regarding whether Defendant's termination of Plaintiff was justified, or merely a pretext to deny benefits. Rather, the Court's job is to determine if the decision of the appeals committee was arbitrary or capricious. Thus, Plaintiff's objections to the admissibility of the interview is beside the point.

As noted above, under the arbitrary and capricious standard the decision to deny benefits must be upheld if it was rational in light of the plan's provisions. In the instant case, the plan specifically stated that benefits would be stopped if the employee violated company policy. The appeals committee received notice that Plaintiff was terminated for violating company policy. Thus,

the decision was rationally related to the plan's provisions, and cannot be said to be arbitrary or capricious. Defendant's motion for summary judgment will be granted on this claim.

**B.      Long Term Disability Claim**

Defendant notes that Plaintiff never applied for long term disability benefits, was not denied long term disability benefits, and did not exhaust the appeals process. Thus, the claim must be dismissed. Plaintiff has not responded to this argument, and the Court finds it persuasive. Defendant's motion for summary judgment will be granted on this claim.

**C.      Breach of Fiduciary Duty**

As Defendant notes, Plaintiff does not specify whether her fiduciary duty claim is based on 29 U.S.C. § 1132(a)(2) or 29 U.S.C. § 1132(a)(3). However, 29 U.S.C. § 1132(a)(2) does not allow for individual recovery by a plaintiff; only the plan itself can recover. *See Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). Defendant argues that because Plaintiff is seeking recovery for herself, the only possible claim is pursuant to 29 U.S.C. § 1132(a)(3). However, the Sixth Circuit has held that § 1132(a)(3) provides a "catchall" remedy that is not available when Plaintiff has another cause of action available under § 1132. *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 614 (6tgh Cir. 1998). In the instant case, Plaintiff has filed a claim under § 1132(a)(1)(B). Thus, Plaintiff does not have a remedy pursuant to § 1132(a)(3).

Plaintiff has not responded to this argument, and the Court finds it persuasive. Defendant's motion for summary judgment will be granted on this claim.

**V.  CONCLUSION**

For the above reasons, Defendant's motion for summary judgment is GRANTED.

Plaintiff's action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

                                            s/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: August 9, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 9, 2006.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290